*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0424**

In the Matter of the Welfare of: F. C. R., Child

**Filed November 14, 2016
Affirmed
Halbrooks, Judge**

Kandiyohi County District Court
File Nos. 34-JV-15-285, 34-JV-15-310

John E. Mack, Mack & Daby, New London, Minnesota (for appellant F. C. R.)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Shane D. Baker, Kandiyohi County Attorney, Stephen J. Wentzell, First Assistant County Attorney, Willmar, Minnesota (for respondent State of Minnesota)

Considered and decided by Reilly, Presiding Judge; Halbrooks, Judge; and Johnson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Appellant challenges the district court's decision to certify him to stand trial as an adult, arguing that the district court abused its discretion by failing to grant him extended jurisdiction juvenile (EJJ) status. We affirm.

**FACTS**

Between May 2015 and November 2015, victims of five separate theft incidents reported that their firearms had been stolen. One of the firearms was a duty rifle removed from a Minnesota State Trooper vehicle.

In October 2015, a group of four armed individuals simultaneously robbed a convenience store and attached liquor store. The convenience store cashier surrendered $1,340.60 to the group. After the robbery, in a vacant field near Willmar, law enforcement discovered an empty cash drawer, clothing that matched the cashier's descriptions of the robbers' clothing, and a Walmart receipt for ammunition, dated approximately four hours before the time of the robbery. Security footage confirmed that appellant F.C.R. was in Walmart at the time reflected on the receipt. F.C.R., born on February 14, 1998, was 17 years old at the time of the offenses.

Through subsequent investigation, law enforcement learned that F.C.R. (1) provided the firearms used in the robbery, (2) possessed a loaded firearm during the robbery, (3) did the talking and demanded money from the cashier, and (4) forced at least one other person in the group to participate in the robbery by threatening him with a firearm. Prior to the robbery, F.C.R. told the group "that he would shoot any police who showed up." Law enforcement also learned that F.C.R. buried the firearms used in the robbery near a trailer park in Kandiyohi County and that he told at least one member of the group that he had personally stolen a rifle from a Minnesota State Trooper vehicle. Law enforcement recovered seven firearms buried near the trailer park. All seven

2

firearms matched the serial numbers or descriptions of firearms that were reported stolen earlier that year, including the Minnesota State Trooper rifle.

F.C.R. was charged in two separate juvenile-delinquency petitions. The first petition charged F.C.R. with first-degree aggravated robbery and second-degree assault with a dangerous weapon. The second petition charged F.C.R. with five counts of receiving stolen property. In both petitions, the state moved the district court to certify F.C.R. as an adult. Kandiyohi County Community Corrections Probation Officer John Petron prepared a certification study for each petition, recommending that F.C.R. remain in the juvenile system under EJJ status.

The district court held separate certification hearings with respect to the aggravated-robbery delinquency petition and the receiving-stolen-property delinquency petition. At both hearings, Petron recommended that F.C.R. remain in EJJ status because his prior history was minor and he had done well in his current programming. F.C.R.'s aunt and two cousins testified that he was a good person and that they intended to be his support system during rehabilitation. But his aunt also testified that he had previously lived with her, and she was unaware that he used drugs, concealed firearms, or committed a robbery.

The district court presumes that the facts and charges in a delinquency petition are true for the purposes of adult certification. *In re Welfare of J.H.*, 844 N.W.2d 28, 38 (Minn. 2014). The district court certified F.C.R. as an adult on both petitions. It determined that F.C.R. failed to rebut the presumption of certification in the robbery

3

charge and that the state met its burden of proving that public safety would not be served by retaining the receiving-stolen-property charge in juvenile court. This appeal follows.

**D E C I S I O N**

F.C.R. argues that the district court erred by failing to grant him EJJ status on both delinquency petitions. We review a district court's determination to certify a child as an adult for an abuse of discretion and examine the record in the light most favorable to the district court's determinations. *Id.* at 34-35. A district court's determination that public safety would be served by adult certification is not disturbed absent clear error. *In re Welfare of N.J.S.*, 753 N.W.2d 704, 710 (Minn. 2008). A district court clearly erred if "there is no reasonable evidence to support the finding or when an appellate court is left with the definite and firm conviction that a mistake occurred." *J.H.*, 844 N.W.2d at 35 (quotation omitted).

**I.**

F.C.R. first contends that the district court should treat him as a juvenile in an EJJ proceeding for his aggravated-robbery delinquency petition. The district court determined that F.C.R. did not meet his burden to overcome the presumption to certify him as an adult.

In juvenile-delinquency proceedings, adult certification is presumed if:

> (1) the child was 16 or 17 years old at the time of the offense; and
> (2) the delinquency petition alleges that the child committed an offense that would result in a presumptive commitment to prison under the Sentencing Guidelines and applicable statutes, or that the child committed any felony

4

offense while using, whether by brandishing, displaying, threatening with, or otherwise employing, a firearm.

Minn. Stat. § 260B.125, subd. 3 (2014). The child bears the burden of rebutting this presumption "by demonstrating by clear and convincing evidence that retaining the proceeding in the juvenile court serves public safety." *Id.* While F.C.R. asserted a public-safety argument, he did not construct an argument that rebutted the presumption of adult certification by clear and convincing evidence.

Here, the district court correctly concluded that adult certification is presumed because F.C.R. was 17 years old at the time of the offense and, if convicted, would face a presumptive prison commitment. Because F.C.R. fails to demonstrate how the district court abused its discretion when it determined that public safety does not favor EJJ, we conclude that the district court did not clearly err by certifying F.C.R. as an adult for his aggravated-robbery petition.

## II.

F.C.R. also challenges the district court's order certifying him as an adult on his receiving-stolen-property delinquency petition, arguing that he would not have been certified on this petition if he was not simultaneously certified as an adult with respect to the aggravated-robbery petition.

A district court can only certify a juvenile as an adult, absent the presumption, if the state demonstrates

> by clear and convincing evidence that retaining the proceeding in the juvenile court does not serve public safety. If the court finds that the prosecutor has not demonstrated by clear and convincing evidence that retaining the proceeding in

5

> juvenile court does not serve public safety, the court shall retain the proceeding in juvenile court.

Minn. Stat. § 260B.125, subd. 2(6)(ii) (2014). The district court considers the following public-safety factors in its determination:

> (1) the seriousness of the alleged offense in terms of community protection, including the existence of any aggravating factors recognized by the Sentencing Guidelines, the use of a firearm, and the impact on any victim;
> (2) the culpability of the child in committing the alleged offense, including the level of the child's participation in planning and carrying out the offense and the existence of any mitigating factors recognized by the Sentencing Guidelines;
> (3) the child's prior record of delinquency;
> (4) the child's programming history, including the child's past willingness to participate meaningfully in available programming;
> (5) the adequacy of the punishment or programming available in the juvenile justice system; and
> (6) the dispositional options available for the child.

*Id.*, subd. 4 (2014). "In considering these factors, the court shall give greater weight to the seriousness of the alleged offense and the child's prior record of delinquency than to the other factors . . . ." *Id.* District courts "have the discretion to weigh the[se] factors in the context they are presented." *J.H.*, 844 N.W.2d at 37 (quotation omitted). But they must "give greater weight to [the seriousness of the offense and the prior record of delinquency] than the other factors listed in the statute . . . [and] identify the statutory basis upon which it relied." *Id.* at 36-37. Here, the district court stated the statutory basis upon which it relied and concluded that the state met its burden of proving that public safety favors adult certification over EJJ because the charged offenses are particularly

6

serious in nature, F.C.R. is highly culpable, and he would be subjected to inadequate supervision and programming in EJJ status.

The district court concluded that F.C.R. was highly culpable because he concealed the firearms and claimed responsibility for stealing a rifle from a Minnesota State Trooper vehicle. The district court stated that F.C.R.'s minimal prior record of delinquency and successful participation in programming weigh in favor of EJJ but noted that, without structure or supervision, it had concerns about F.C.R.'s rehabilitation. The district court determined that dispositional options and the inadequacy of programming for him in EJJ weighed in favor of adult certification because, under adult prosecution, the district court could retain supervision for up to 20 years.

F.C.R. argues the district court abused its discretion by determining that the seriousness of his offenses favored adult certification because this court has concluded that EJJ was appropriate in matters with underlying offenses that were at least as serious, if not more serious, than his offenses. Generally, adult certification involves violent crimes against a person. *In re Welfare of H.S.H.*, 609 N.W.2d 259, 262 (Minn. App. 2000). But we have also concluded that adult certification is proper for some nonviolent crimes. *Id.*

Here, the district court determined that the extreme seriousness of the offenses weigh strongly in favor of adult certification based on the number of firearms possessed (which were acquired through five separate thefts), F.C.R.'s direct knowledge that one firearm was stolen from a Minnesota State Trooper vehicle, and F.C.R.'s decision to retain the firearms rather than sell them, suggesting a plan to use them in the future.

7

Because the district court carefully considered the underlying circumstances of these offenses, we conclude that the district court's determination that the seriousness of the offense favors adult certification was within its broad discretion.

Reasonable evidence supports the district court's findings on both the aggravated-robbery delinquency petition and the receiving-stolen-property delinquency petition. Although receiving stolen property is a nonviolent offense, the district court applied the correct statutory analysis and thoroughly explained its determination that granting F.C.R. EJJ status would not serve public safety.

**Affirmed.**